| | |
|---|---|
| **BRYNN BURNS**, <br><br>    Plaintiff, <br>v. <br><br>**NATIONAL ASSOCIATION OF REALTORS d/b/a REALTOR.COM** <br>Serve at:  Reg. Agt. Katherine R. Johnson <br>            430 North Michigan Avenue <br>            Chicago, IL 60611 <br><br>and <br><br>**NEWS CORPORATE SERVICES INC. d/b/a MOVE, INC.,** <br>Serve at:  ℅ Corporation Service Company <br>            80 State Street <br>            Albany, NY 12207 - 2543 <br><br>    Defendants. | Case No. 4:25-cv-822 <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Brynn Burns, by and through her undersigned counsel, and hereby states for her Complaint against Defendants National Association of Realtors d/b/a Realtor.com ("Defendant NAR") and News Corporate Services Inc. d/b/a Move, Inc. ("Defendant NCS," together with Defendant NAR, "Defendants") as follows:

### SUMMARY OF THE ACTION AND PARTIES

1. Plaintiff is a professional photographer with sole rights to a series of photographs that depict the estate owned by celebrity football star Travis Kelce; Plaintiff's collection consists of impossible-to-find photos of the estate's interior rooms and garden area where Mr. Kelce proposed to pop icon Taylor Swift. Defendants knew these photographs belonged to Plaintiff.

Defendants used and published these photographs without Plaintiff's permission to drive millions of people to Defendants' profitable website, realtor.com, thinking it would be better (and cheaper) to "beg forgiveness" rather than to have sought Plaintiff's permission.

2. Plaintiff brings this action for Defendants' violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

3. Plaintiff is a full-time, self-employed professional photographer who works regularly and continuously in Kansas City, Missouri; the photographic portfolio at issue in this litigation depicts a residential property in Leawood, Kansas, near Kansas City, Missouri.

4. Plaintiff's Work (as defined herein) at issue is part of her portfolio that depicts a residential property in the Kansas City, Missouri area. Plaintiff's portfolio was years in the making.

5. In particular, the Work consists of many photos that depict a residential property near this District (the "Kelce Estate").

6. To create the Work, Plaintiff used professional-grade photography and editing equipment.

7. To create the Work, Plaintiff invested many hours of her professional time.

8. Plaintiff is well-paid for the Work; in light of the special circumstances surrounding the Work described herein, the minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is many thousands of dollars for a licensee who wishes to use the Work nationally.

9. At all times relevant, Defendants jointly owned and operated www.realtor.com in addition to the corresponding Instagram gallery located @/realtordotcom. Defendants directed

and/or approved of the use of the subject copyright-protected images on Defendants' website, "www.realtor.com" in addition to Defendants' Instagram page.

10. Defendants used Plaintiff's Work to promote Defendants' real estate business in Kansas City, Missouri, as the Work depicted a residential home owned by Chiefs tight end Travis Kelce, and was the site of Kelce's proposal to celebrity singer-songwriter Taylor Swift; the Work was of interest to people around the world, but Defendants particularly targeted business in Kansas City, Missouri given Travis Kelce's connection to that city.

11. Defendants appropriated, without license or permission, Plaintiff's copyrighted Work to nationally advertise, market and promote Defendants' business activities across the Kansas City, Missouri area and particularly within this District.

12. Specifically, Defendants used the Work to promote traffic to their business website; this caused Plaintiff to suffer harm in Jackson County, Missouri within this District. Plaintiff is unable to sell or license the Work in Jackson County, Missouri because Defendants have made the Work available to the world for free via their piracy of the Work.

13. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting their business to the public in the course and scope of Defendants' business.

**JURISDICTION AND VENUE**

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

15. This is also an action for removal or alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

16. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

17. Defendants are subject to personal jurisdiction in Missouri because Defendants conduct systematic and continuous business in Missouri and within this District and published the Work for viewing in Missouri by people located in Missouri and within this District. The subject photograph depicts a property near Kansas City, Missouri. Plaintiff suffered the harm from the infringement in Missouri in that she does systematic and continuous business in Missouri and Defendants took and used Plaintiff's Work depicting the Kansas City area to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Kansas City, Missouri in this District.

## THE COPYRIGHTED WORK AT ISSUE

19. In 2023, Plaintiff visited the Kelce Estate and created a portfolio of professional photographs of the estate.

20. Specifically, as part of this portfolio, Plaintiff created photographs entitled "11541 Cherokee Ct-2880," "11541 Cherokee Ct-2918," "11541 Cherokee Ct-2960," "11541 Cherokee Ct-3075," "11541 Cherokee Ct-3294," "11541 Cherokee Ct-3318," and "11541 Cherokee Ct-3369," which are shown below and referred to collectively throughout as the "Work."



11541 Cherokee Ct-2880



11541 Cherokee Ct-2918



11541 Cherokee Ct-2960



11541 Cherokee Ct-3075



11541 Cherokee Ct-3294



11541 Cherokee Ct-3318


11541 Cherokee Ct-3369

21. Plaintiff thereafter registered her work with the United States Copyright Office on January 30, 2024 via USCO certificate VA 2-394-359. The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

22. The Work consists of renderings of the interior and exterior of the Kelce Estate. To create the Work, Plaintiff took a series of photographs of the property and digitally edited and retouched lighting in the photos to create the final copyrighted images.

23. At all relevant times, Plaintiff was the sole owner of the copyrighted Work at issue in this case.

### INFRINGEMENT BY DEFENDANTS

24. On December 20, 2023, Defendants paid Plaintiff to license her Work through December 31, 2024. A copy of the Release and License Agreement ("the Agreement") is attached as **Exhibit 4**.

25. Thus, Defendants knew at all times relevant that Plaintiff owned the Work.

26. On a date after the Work at issue in this action was created, registered with the United States Copyright Office, and the Agreement expired, but prior to the filing of this action, Defendants copied the Work.

27. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission, and long after their license expired.

28. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of Defendants' business.

29. Specifically, Defendants placed the Work on "www.realtor.com" (the "Website") and Defendants' corresponding Instagram page, both of which Defendants jointly owned, controlled, and operated to promote Defendants' real estate business.

30. Defendants used the Work to promote their business interests, and specifically to attract millions of potential customers to realtor.com.

31. Defendants' display of the Work was repeated and continuous.

32. Defendants displayed the Work on their website and stored it on that website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendants' Website.

33. Defendants began displaying the Work on August 12, 2025 after Plaintiff registered the Work, and well after the Agreement had expired.

34. In August 2025, Plaintiff discovered that Defendants were using the Work on their website. Plaintiff was stunned and disappointed to find her photographs on Defendants' website well after Defendants' license to use the Work had expired.

35. Defendants' display of the Work is captured on their website in the following screenshots:



Travis purchased his Leawood, KS, mansion in 2024.   BRYNN BURNS PHOTOGRAPHY



It comes as no surprise that Kelce chose to ask Swift to marry him at his home as it boasts an overwhelming amount of privacy and lush greenery—two things the pop star is known for adoring.   BRYNN BURNS PHOTOGRAPHY



It was reported later that year that he was building an underground man cave at the property.   BRYNN BURNS PHOTOGRAPHY



The Kansas City Chiefs tight end snapped up the 17,000-square-foot mansion in the desirable suburb of Leawood, KS, in September 2022 for $6 million.   BRYNN BURNS PHOTOGRAPHY



It's not known when exactly Taylor and Travis filmed their "New Heights" episode, however, the former returned to Kansas at the end of July to begin pre-season training.   BRYNN BURNS PHOTOGRAPHY



The six-bedroom, six-bathroom mansion sits behind a gated entrance that opens to a dramatic circular driveway.   BRYNN BURNS PHOTOGRAPHY







36. Plaintiff carefully reviewed the screenshots and determined that this was her Work and that Defendants did not have any license or permission to use the Work, as Defendants' Agreement had expired.

37. Defendants copied and distributed Plaintiff's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

38. Defendants infringed on the copyright of the Work as evidenced by the screenshot exhibits attached hereto.

# COUNT I
## COPYRIGHT INFRINGEMENT

39. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

40. Plaintiff owns a valid copyright in the Work at issue in this case.

41. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

43. Defendants performed the acts alleged in the course and scope of their business activities and, upon information and belief, profited from their unlawful use of the Work.

44. Specifically, the Work has attracted potential customers to Defendants' website, and Defendants have turned some of those persons into paying customers of Defendants' real estate business.

45. Defendants have never paid Plaintiff for the Work, and never sought permission to use the Work.

46. Plaintiff has been damaged in an amount to be determined at trial. At minimum, the license value of Plaintiff's Work has dropped to nearly zero, as Defendants have made the Work available for free to the world via their infringement. As a result, Plaintiff has suffered a substantial loss of income and goodwill for her business.

47. In the alternative, Plaintiff will seek statutory damages under the Copyright Act.

48. Defendants' infringement has been willful. Specifically, Defendants were in contact with Plaintiff prior to their illicit use of the Work and knew or should have known that

the Work was created by and belonged to Plaintiff, and knew or should have known that they had no right to use the Work past the expiration of the Agreement.

## COUNT II
## REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

49. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

50. Plaintiff's Work contained copyright management information as defined in 17 U.S.C. § 1202(c), including but not limited to the titles Plaintiff had assigned to each photograph that comprises the Work.

51. In violation of 17 U.S.C. § 1202(b), Defendants, without Plaintiff's authority, intentionally removed or altered copyright management information for Plaintiff's Work, including but not limited to Plaintiff's title for the Work, knowing or having reasonable grounds to know that doing so would induce, enable, facilitate or conceal an infringement of right under Title 12 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brynn Burns prays for judgment against Defendants such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff her actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Under 17 U.S.C. § 1203(b)(3) Defendants be required to pay Plaintiff her actual damages and additional profits of Defendants in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages in accordance with 17 U.S.C. § 1203(c)(3);

e. Under 17 U.S.C. § 1203(b)(4), Plaintiff be awarded costs;

f. Under 17 U.S.C. § 1203(b)(5), Plaintiff be awarded reasonable attorneys' fees and costs;

g. Defendants be permanently enjoined from displaying the Work; and

h. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 400
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*